UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBBIE DENISE McCLURE | CIVIL ACTION NO. 05-0738 |
| versus | JUDGE WALTER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | REFERRED TO: MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

**Introduction**

Robbie Denise McClure ("Plaintiff") applied for disability insurance benefits and Supplemental Security Income based on impairments such as depression, anxiety disorder, hypertension, carpal tunnel syndrome and obesity. She was 51 years old when ALJ Nancy Griswold denied the claim. Plaintiff has a twelfth grade education and past work experience as a sales clerk and engraver.

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). She found that Plaintiff was not working (step one) and suffered from dysthymia, generalized anxiety disorder, hypertension and obesity, impairments that are severe within the meaning of the regulations (step two) but not

severe enough to meet or equal a listed impairment (step three).

The ALJ then reviewed the evidence and found that Plaintiff retained the residual functional capacity ("RFC") to perform a wide range of light work, limited by some mental-related inabilities and an inability to perform continuously repetitive motions of the upper extremities and a requirement that she be able to change position from standing to sitting for a few minutes in every hour. Plaintiff's past job as an engraver required constant, repetitive use of the hands, so the ALJ found that Plaintiff could not perform her past relevant work (step four).

A vocational expert ("VE") testified that a person with Plaintiff's RFC and vocational factors could perform jobs such as cashier II, office helper or copy messenger, all of which were described as falling within the light work exertional level. Tr. 75. Based on that testimony, the ALJ concluded that Plaintiff could perform other jobs that exist in significant numbers in the economy, so Plaintiff was deemed not disabled at step five. The Appeals Council denied a request for review, and Plaintiff filed this civil action seeking relief pursuant to 42 U.S.C. § 405(g).[1]

**Issue on Appeal**

Dr. Charles Werner conducted a consultative examination and made findings including that Plaintiff "cannot do more than 5 pounds of lifting, pushing or pulling in all

---

[1] The parties have filed written consent to have a magistrate judge decide this civil action. Judge Walter referred the case to the undersigned pursuant to 28 U.S.C. § 636(c) and the standing order of the district court that governs social security cases. Doc. 16.

extremities due to the CTS (carpal tunnel syndrome) and pain in her back." He also stated that Plaintiff could not, among other things, kneel, crouch, crawl or stoop. Tr. 97.

The RFC assessed by the ALJ is for a wide range of light work, subject to certain limitations. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). Plaintiff urges on appeal that the ALJ wrongfully substituted her opinion for that of the physician with respect to Plaintiff's limitations.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Dr. Werner noted in his report that Plaintiff had carpal tunnel syndrome stemming from her past job as a factory worker. He obtained positive results of Tinnels and Phalens tests, both of which are diagnostic tests for carpal tunnel syndrome. He described the CTS

as "moderate to severe" and imposed the rather severe 5 pound lifting restriction noted above. Tr. 96-97.

The ALJ fairly summarized Dr. Werner's report, including the 5 pound lifting limitation. Tr. 14. She did not mention the report again, except to state that it was clear that Dr. Werner's report reflected his assessment of impairments and abilities while cognizant of the effects of obesity, pursuant to Social Security Ruling 02-1p. Tr. 16. The ALJ then set forth her assessment of the RFC for light work. Tr. 17. She did not, however, explain how her RFC was consistent with Dr. Werner's opinion, nor did she give any reasons to not find Dr. Werner's limitations credible, nor did she point to other positive evidence that would indicate that Plaintiff could perform the lifting requirements consistent with light work.

The ALJ did make a general statement that her conclusion was supported by treating physician reports as well as the findings and opinions of state agency physicians who previously examined the record and reported their opinions at Exhibit 5F. The Commissioner has not been able to, on appeal, point to a report from another treating physician that would indicate a lifting ability consistent with light work, and the report at Exhibit 5F was prepared by a non-physician who wrote that Dr. Werner's opinions regarding Plaintiff's physical abilities were "issues reserved to the Commissioner." Tr. 29-36. The Commissioner does not defend that suggestion on appeal.

The Commissioner argues that the record contains conflicting information from Dr. Werner and Plaintiff. With respect to lifting, however, the ALJ asked Plaintiff: "What's the

heaviest thing you can pick up without trouble?" Plaintiff answered: "Probably 10 pounds." Tr. 147. That testimony is not consistent with light work that involves lifting up to 20 pounds with *frequent* lifting or carrying of objects weighing up to 10 pounds.

A medical report should include the medical source's statement about what the claimant can still do despite her impairment. 20 C.F.R. § 404.1513(b)(6). Dr. Werner provided such a statement, and the Commissioner has not pointed to any medical evidence that would undermine his opinion in the relevant respect. Plaintiff's testimony is also insufficient to support the RFC. Under these circumstances – medical evidence and testimony suggesting that Plaintiff can not perform all demands of the RFC found by the ALJ, the absence of acceptable positive evidence that Plaintiff can perform the RFC by the ALJ, and no reasons articulated by the ALJ to disregard the medical evidence and testimony – there is not substantial evidence to support the Commissioner's decision. The VE's testimony and the ALJ's step five determination were premised upon an RFC that is not supported by substantial evidence in the current record, so the Commissioner's decision to deny benefits is reversed pursuant to the fourth sentence of 42 U.S.C. § 405(g) and the case will be remanded to the agency for further proceedings. A judgment to that effect will be entered.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge

whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 30th day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE